

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2006

# Murphy v. C.W.

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4441

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Murphy v. C.W." (2006). *2006 Decisions.* Paper 1788.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1788

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-4441

———————

HELEN MURPHY,

Appellant

v.

C.W.; JOSEPH SLOTNICK; CITY OF PHILADELPHIA
DEPARTMENT OF HUMAN SERVICES;
BELMONT CENTER FOR
COMPREHENSIVE TREATMENT

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 03-05641)
Honorable Stewart Dalzell, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
December 9, 2005

BEFORE: RENDELL, FISHER and GREENBERG, Circuit Judges

(Filed January 5, 2006)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before the court on an appeal by plaintiff-appellant Helen

Murphy from an order for summary judgment entered in the district court on November 4,

2004, in favor of defendants-appellees Joseph Slotnick, City of Philadelphia, Department of Human Services, and the Belmont Center for Comprehensive Treatment ("Belmont Center"). In addition, Murphy appeals from the aspects of the November 4, 2004 order dismissing her action against C.W., a minor, for want of prosecution.

Murphy initiated this action in the Court of Common Pleas of Philadelphia County, Pennsylvania, against defendants by reason of an injury she received from the direct conduct of C.W., a mentally retarded child under the custody and control of the Department of Human Services, who was being transported from the Belmont Center in Philadelphia to a facility in Texas on an American Airlines flight on which Murphy was a flight attendant. Slotnick was the Department of Human Services' social worker accompanying C.W. on the flight. Unfortunately C.W. proved to be a troublesome passenger. Her difficult conduct culminated when Murphy attempted to place her back into her seat after she had left it and she spit on Murphy causing her injury.

As a consequence, Murphy brought this action in the Common Pleas Court against defendants on state-law negligence and 42 U.S.C. § 1983 theories. Defendants removed the action to the district court. It appears that even though C.W. was served with process in this matter, neither Murphy nor anyone else has made an application to the district court to appoint a guardian ad litem for her, and she never has appeared in the action.

The district court adjudicated the case on the parties' cross-motions for summary judgment, setting forth its conclusions in a comprehensive memorandum opinion of November 4, 2004, rejecting all of Murphy's claims on the merits against all defendants

2

except C.W. and thus granting all defendants except C.W. summary judgment. The court dismissed the claims against C.W. for want of prosecution but allowed Murphy five days to ask the court to reconsider the dismissal. Murphy, however, has not asked the district court to reconsider the dismissal and, accordingly, the case has remained closed in the district court in all respects as to all parties.

The district court had removal jurisdiction pursuant to 28 U.S.C. § 1441 as there was original district court jurisdiction in this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), and 28 U.S.C. § 1343 (civil rights). We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review on this appeal. Seibert v. Nusbaum, Stein, Goldstein, Bronstein & Compeau, 167 F.3d 166, 170 (3d Cir. 1999). Consequently we can affirm only if "we conclude that the pleadings, depositions, answer[s] to interrogatories and admissions on file, together with the affidavits, show that the party who obtained summary judgment . . . was entitled to that judgment as a matter of law and that there was no genuine dispute of material fact standing in his way." Id.

The district court decided the case under Pennsylvania law as it considered that even though C.W. had injured Murphy in another state "Pennsylvania has the most significant contacts with the issues involved in this case." App. at 18. We agree with this conclusion, which we note that the parties do not challenge.

After our review of this matter, we are in full accord with the district court's disposition on the merits. We do note, however, that the facts taken most favorably to Murphy do not support her claims to the extent that this case involves Pennsylvania law

3

requiring a showing of gross negligence for the court to impose liability. While we recognize that Victor Gerard Alberigi in his May 7, 2004 report opined that both the Department of Human Services and the Belmont Center were guilty of gross negligence, the determination of whether the facts could support that conclusion justifying the submission of the gross negligence theory to a jury must be made by the court. See F.D.P. v. Ferrara, 804 A.2d 1221, 1233-34 (Pa. Super. Ct. 2002). Here the facts simply do not meet the standard to establish that there was gross negligence.

In her brief Murphy points out that she filed a motion for a default judgment against C.W., which the district court denied, and she contends that she "may now proceed to trial on the merits." Appellant's br. at 27. The district court correctly denied the motion for entry of a default judgment on June 28, 2004, because Fed. R. Civ. P. 55(b)(2), which the court quoted, provides that "no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein." Notwithstanding the June 28, 2004 order, Murphy has not moved for the appointment of a guardian ad litem for C.W. Thus, the district court properly dismissed the action as to her as the court waited long enough after June 28, 2004, before it acted. Accordingly, we cannot understand why Murphy believes that the action may "proceed to trial on the merits" against C.W.[1]

---

[1]We express no opinion on whether Murphy can obtain relief from the order of dismissal as to C.W. if she thinks it is worth her while to attempt to do so.

4

For the foregoing reasons, the order of November 4, 2004, will be affirmed.